UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-514-H

JO ANN TESKE                                                                    PLAINTIFF

V.

STATE FARM FIRE AND CASUALTY CO.                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jo Ann Teske, brings this declaratory relief action arguing that Defendant, State

Farm Fire and Casualty Co. ("State Farm"), is obligated to indemnify her for expenses she

incurred repairing rental property she owned and that it acted in bad faith in denying her claims.

State Farm issued a standard rental dwelling insurance policy to cover a rental home that

Plaintiff owned and, in early 2007, State Farm denied Plaintiff's claims related to damage from

water leakage and mold under various policy provisions.  At this stage, Defendant moves for

summary judgment arguing that the insurance policy's one-year limitation period bars Plaintiff's

claims.

**I.**

The relevant facts of this case are undisputed.  Plaintiff purchased a house in September

of 1999 to be used as rental property.  At all material times, Plaintiff carried an insurance policy

on that house with State Farm.  In October of 2006, Plaintiff's tenants alerted her that "black

spots" were present on the walls of a closet.  Plaintiff attempted to clean the "spots," which she

believed to be mold, with special chemicals and took no further action until February of 2007

when mold was found in three additional locations in the home.  At that time, Plaintiff contacted

State Farm, who promptly sent a claim representative to the property for an inspection.  On

February 12, 2007, State Farm notified Plaintiff that her claim was denied because mold is not covered by the policy.

From that time, nothing related to the claim occurred until April of 2007.  Plaintiff then hired a contractor to do some work on the outside of the house.  The contractor informed Plaintiff that rain was leaking into the house through old wood siding.  Plaintiff promptly notified State Farm of the problem and, again, a claim representative was dispatched to Plaintiff's home.  On April 4, 2007, State Farm notified Plaintiff that this claim, as well, was denied based on several policy exclusions.

Plaintiff took no further action against State Farm until April of 2008.  At that time, Plaintiff had paid out-of-pocket to repair the home and retained an attorney.  On April 17, 2008, Plaintiff's counsel sent a letter to State Farm demanding that it reimburse Plaintiff for the damages she incurred.  State Farm responded on May 6, 2008, stating that Plaintiff's claim was denied for the reasons previously stated, as well as the policy limitations period.  Under the heading "**SECTION I - CONDITIONS**" (emphasis in original), the policy provides:

> **Suit Against Us.**  No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage.

(emphasis in original).  This provision of the policy is written in the same type face and size as all other provisions of the policy and is specifically included in the section addressing conditions of coverage, located on pages seven and eight. Plaintiff brought this action to determine that her damages are covered and State Farm acted in bad faith on September 8, 2008.

2

## II.

The law in Kentucky is quite clear.  Although the general statute of limitations on a breach of contract claim is fifteen years, the contract itself may shorten that period so long as the contractual limitation is reasonable.  *See Edmondson v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 781 S.W.2d 753, 756 (Ky. 1989) ("We have previously recognized the validity of insurance contract provisions requiring as a condition to sue that the action must be "commenced within the time specified by the policy.  *Stansbury v. Smith*, 424 S.W.2d 571, 572 (Ky. 1968). *See also Webb v. Ky. Farm Bureau Ins. Co.*, 577 S.W.2d 17 (Ky. Ct. App. 1978), and cases cited therein. Thus, there is no question in this case as to the validity of the limitation provided in the conditions of the policy. . .").  In *Edmondson*, the time limitation provision in the insurance policy was under the heading "Conditions Applicable To" coverage and provided, "15.  Suit.  No suit shall be brought on this policy unless the insured has complied with all the policy provisions and has commenced the suit within one year after the loss occurs."  *Id.* at 754.  The Kentucky Supreme Court held this provision valid and enforceable.  As a result, the provision barred the plaintiff's claims against her insurance company.

Obviously, the provision of the policy here is similar.  As in *Edmondson*, this provision is found under the heading "Conditions" and is clearly labeled as the provision dealing with "Suit Against Us."  In fact, the only difference between this provision and the one in *Edmondson* is that this one states that "no *action* shall be brought unless . . . the *action is started* within one year after the date of loss or damage," as opposed to "no *suit* shall be brought . . . unless the insured . . . *has commenced the suit* within one year after the loss occurs."  These subtle differences cannot invalidate the provision in this case.  Although calling the action a "suit" may

3

help clarify that it refers to a lawsuit that must be started within one year, the word "action" is essentially a synonym for "suit." Moreover, the heading of the provision, "**Suit Against Us**," removes any possible confusion. The only thing that the provision addresses is suits against State Farm. Thus, the only reasonable interpretation of the provision is that the suit, or action, must be brought within one year. Based on the Kentucky Supreme Court's decision in *Edmondson*, this Court finds that the limitation provision in this policy is reasonable and, as such, valid and enforceable.

For clarity, it is also insignificant that Plaintiff reported her claim well within one year. In *Edmondson*, the plaintiff had reported her claim and the insurance company even admitted liability and offered a settlement within the year deadline. However, because the plaintiff failed to accept the settlement or bring her lawsuit within a year, the court found that the plaintiff's claims were barred by the contractual limitation period. Thus, the fact that Plaintiff in this case made her initial call to State Farm well within one year of the loss or damage does not prevent application of the contractual limitation period.

III.

Plaintiff willing admits that she did not comply with the limitation provision. She first became aware of the problem in October, 2006. The problem reappeared in February of 2007. She notified State Farm, who denied her claims on February 12, 2007. Consequently, her loss occurred, at the latest, in February of 2007. This action was not started until September 8, 2008. Notwithstanding this sequence of events, Plaintiff contends that the limitation provision should not apply for three reasons: (1) it is unconscionable because it is written in boilerplate language and is not found in the section labeled "**Your Duties After Loss**;" (2) the doctrine of reasonable

4

expectations applies; and (3) the doctrine of unclean hands applies.  None of these arguments supports invalidation of the provision.

First, the fact that it is written in boilerplate language does not invalidate the provision. As discussed, the language of this clause is nearly identical to the language of the clause in *Edmondson*.  Because the Kentucky Supreme Court upheld such "boilerplate" language in that case, this Court cannot invalidate this provision on that ground.  Additionally, the fact that the provision was not contained in the section labeled "**Your Duties After Loss**" does not invalidate it.  That section deals only with the steps the insured must take in presenting a claim to State Farm.  It does not deal with how to file suit against State Farm.  Moreover, the type face of all provisions was the exact same and the "**Your Duties After Loss**" and "**Suit Against Us**" provisions are both located under the general heading "**CONDITIONS**."  The limitations provision was in no way "buried in the fine print" or unclear.  Thus, it was not unconscionable.

Second, the doctrine of reasonable expectations does not apply here.  That doctrine merely provides that where an insurance policy is ambiguous, i.e. it can reasonably be interpreted in two or more ways, the court is to interpret the policy to comply with the insured's reasonable expectations.  *True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003).  However, the doctrine only applies where there are "actual ambiguities, not fanciful ones."  *Id.*  As discussed above, the "**Suit Against Us**" provision is not ambiguous and Kentucky courts routinely uphold these types of provisions.

Finally, the unclean hands doctrine does not bar application of the limitations provision. This equitable doctrine provides that where one party engages in fraudulent, illegal or

5

unconscionable conduct, that party is not entitled to relief.  *Suter v. Mazyck*, 226 S.W.3d 837, 843 (Ky. Ct. App. 2007).  Plaintiff argues that because State Farm never reminded her of the limitations provision when denying her claims, State Farm's conduct was "fraudulent, illegal or unconscionable."  However, State Farm's failure to remind Plaintiff of a provision of her policy simply does not rise to that level of misconduct.  Plaintiff cites no legal duty of State Farm to provide her with such a reminder.  Moreover, Kentucky's then-highest court long ago rejected just such an argument in *Johnson v. Calvert Fire Ins. Co.*, 183 S.W.2d 941, 943 (Ky. 1944).[1] Even though this decision is quite old, the Court finds no reason to suspect that Kentucky courts would give a different answer today.

Given the current state of Kentucky law, this Court will apply the limitations provision. Clearly, the action was not started within one year of the loss.  Therefore, the action is barred. The Court will issue an order consistent with this Memorandum Opinion.

cc:    Counsel of Record

---

[1] The plaintiff contended that she would have brought her action within the specified period but for the fact that the insurance representatives failed to remind her throughout their correspondence that such a limitations period was applicable.  The court held that such a failure to remind does not "indicate any fraud, misrepresentation, or any representation which could have misled or deceived appellant."  *Id.*